IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | |
| : | Chapter 7 |
| : | |
| PLASSEIN INTERNATIONAL CORP., : | Case No. 03-14489-KG |
| et al., (n/k/a PL Liquidation : | Jointly Administered |
| Corp.), : | |
| : | |
| Debtors. : | Adv. Proc. No. 05-50692-KG |
| : | |
| WILLIAM BRANDT, as he is the : | |
| Trustee of the Estates of : | |
| Plassein International Corp., : | |
| et al., : | |
| : | |
| Appellant, : | |
| : | |
| v. : | Civil Action No. 07-345-JJF |
| : | |
| B.A. CAPITAL COMPANY LP, : | |
| et al., : | |
| : | |
| Appellees. : | |

Charles R. Bennett, Jr., Esquire of HANIFY & KING, Boston, Massachusetts.
Christopher P. Simon, Esquire and Amy Evans, Esquire of CROSS & SIMON, LLC, Wilmington, Delaware.

Attorneys for Appellant.

Karen E. Wagner, Esquire and Elliot Moskowitz, Esquire of DAVIS POLK & WARDELL, New York, New York.
Robert J. Stearn, Jr., Esquire and Lee E. Kaufman, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Appellee, B.A. Capital Company LP.

William P. Bowden, Esquire; Richard Palacio, Esquire and Andrew D. Cordo, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Appellee Sam Chebeir, Charles J. Warr, Paul D. Gage, Stephen S. Wilson, G. Kenneth Pope, Jr., Kenneth Olender and Daniel A. Jones III.

Richard A. Johnston, Esquire; Mark C. Fleming, Esquire and Jeffrey Gleason, Esquire of WILMER CUTLER PICKERING HALE AND DORR, LLP, Boston, Massachusetts.
Laurie Selber Silverstein, Esquire and Gabriel R. MacConaill, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Appellees, Key Packaging Shareholders.

James A. Sarna, Esquire of SARNA & ASSOCIATES, PC, Nyack, New York.
Laurie S. Polleck, Esquire of JASPAN SCHLESINGER HOFFMAN LLP, Wilmington, Delaware.

Attorneys for Appellees, The Marshall Plastic Film Defendants.

## MEMORANDUM OPINION

May 15, 2008
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is an appeal from the April 20, 2007 Order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") dismissing the underlying adversary appeal filed by the Chapter 7 Trustee, William Brandt (the "Trustee"), against Appellees here, the selling shareholders, seeking to avoid the transfers made to Appellees as alleged fraudulent conveyances pursuant to 11 U.S.C. § 544 and Delaware law.  For the reasons discussed, the Court will affirm the Bankruptcy Court's Order.

I.   **THE PARTIES' CONTENTIONS**

On behalf of the Debtors, Plassein International Corp. and its associated entities, the Trustee filed the adversary proceeding underlying this appeal alleging that a series of avoidable fraudulent transfers rendered the Debtors insolvent or with unreasonably small capital for their businesses.  Upon motion of the selling shareholder defendants, the Bankruptcy Court dismissed the adversary complaint concluding that the transfers in question were "settlement payments" within the meaning of Section 546(e) of the Bankruptcy Code, and therefore, not subject to avoidance under 11 U.S.C. § 544(b).  The Bankruptcy Court also concluded that the Adversary Complaint failed to state a claim upon which relief could be granted.  In this regard, the Bankruptcy Court concluded that the Trustee

2

could not state a claim under 6 Del. C. §§ 1304 and 1305, because the Adversary Complaint did not allege that Plassein or any of its related Debtors made the transfer. Instead, the transfer was made by a non-debtor entity, Plassein Packaging Corporation ("Plassein Packaging"), and the Bankruptcy Court further concluded that the allegations of the Adversary Complaint could not be collapsed, because intent to defraud was not alleged.

By its appeal, the Trustee contends that the Bankruptcy Court erred in applying Section 546(e) to the transfers in this case. Specifically, the Trustee contends that Section 546(e) is limited to publicly traded securities. The Trustee also contends that the Bankruptcy Court erred in holding that actual intent to defraud was required to collapse the transactions. The Trustee further argues that the record establishes that a debtor, Plassein International Corporation, was known as Plassein Packaging, and therefore, a debtor did effectuate the transfer as required under Delaware law.

Although several Appellees filed separate briefs, their arguments are essentially the same. Appellees contend that under the plain language of Section 546(e) and Third Circuit case law, particularly the decision in In re Resorts Intl., Inc., 181 F.3d 505 (3d Cir. 1999), Section 546(e) is not limited to publicly traded securities. Appellees further contend that Third Circuit case law requires proof of intent to defraud or bad faith to

3

collapse otherwise separate transactions. Appellees also contend that the Adversary Complaint fails to allege that the transferor, Plassein Packaging, was a debtor and that deficiency cannot be corrected by allegations in the Trustee's motion papers that Plassein International and Plassein Packaging are the same entity or by weeding through exhibits to the Adversary Complaint purportedly suggesting the same.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which reviews the

4

Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

### III. DISCUSSION

Reviewing the legal conclusions of the Bankruptcy Court under the de novo standard of review, the Court concludes that the Bankruptcy Court did not err in dismissing the Adversary Complaint underlying this appeal. In Resorts Int'l, 181 F.3d at 515-516, the Third Circuit, consistent with the plain language of Section 546(e), adopted a broad approach to the term "settlement payment," and the Court finds nothing in the Resorts case or any other Third Circuit case law supporting the Trustee's contention that the term should be limited to publicly traded securities. The cases cited by the Trustee for a contrary proposition are not binding in this Circuit.

The Court likewise concludes that the Bankruptcy Court did not err in dismissing the Adversary Complaint for failure to state a claim. Appellants contend that the Bankruptcy Court should have looked to the public record to determine that Plassein International and Plassein Packaging are one in the same. As a threshold matter, however, no such allegation is pled in the Adversary Complaint, and this initial pleading deficiency cannot be cured by statements made by the Trustee in its briefing or by way of supplemental affidavits. See e.g., Frederico v. Home Depot, 507 F.3d 188, 201-202 (3d Cir. 2007) ("[W]e do not

5

consider after-the-fact allegations in determining the sufficiency of her complaint under Rules 9(b) and 12(b)(6).") (citations omitted). Given this threshold pleading deficiency, the Court cannot conclude that the Bankruptcy Court erred in failing to consult the public record. Further, the Court agrees with the Bankruptcy Court that the allegations of the Adversary Complaint do not support collapsing the transactions. As the Bankruptcy Court noted, courts in this Circuit have typically required proof of bad faith or intent to defraud to justify collapsing otherwise independent transactions. See e.g. Voest-Alpine Trading USA Corp. v. Vantage Steel Corp., 919 F.2d 206 (3d Cir. 1990); U.S. v. Tabor Court Realty, 803 F.2d 1288 (3d Cir. 1986); In re National Forge Co., 344 B.R. 340, 347 (W.D. Pa. 2006). In this case, the Adversary Complaint does not allege bad faith or intent to defraud, and therefore, the Court cannot conclude that the Bankruptcy Court erred in dismissing it.

IV. CONCLUSION

    For the reasons discussed, the Court will affirm the Bankruptcy Court's April 20, 2007 Order.

    An appropriate Order will be entered.

6